IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| LISA FLATT, On Behalf of HERSELF and All Others Similarly Situated,<br><br>    *Plaintiff*,<br><br>v.<br><br>LHC GROUP, INC., BIOSCRIP, INC., ELK VALLEY HOME HEALTH CARE AGENCY, LLC, d/b/a Deaconess Homecare, ELK VELLEY PROFESSIONAL AFFILIATES, INC., d/b/a Deaconess Homecare and CEDAR CREEK HOME HEALTH CARE AGENCY, LLC, d/b/a Deaconess Homecare I and/ or Elk Valley Home Health Care,<br><br>    *Defendants*. | COLLECTIVE ACTION<br><br>CASE NO. _____<br><br>JUDGE _____<br><br>COOKEVILLE DIVISION |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Lisa Flatt ("Plaintiff") brings this collective action lawsuit against Defendants LHC Group, Inc., BioScrip, Inc., Elk Valley Home Health Care Agency, LLC, Elk Valley Professional Affiliates, Inc., and Cedar Creek Home Health Care Agency, LLC, ("Defendants"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

## JURISDICTION

1.  This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 2201, and 29 U.S.C. § 216(b).

2.  Venue is proper under 28 U.S.C. § 1391 because Defendants conducts business in this judicial district and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## PARTIES

3. Plaintiff is an individual residing in Cookeville, Tennessee.

4. LHC Group, Inc. ("LHC") is a home health company incorporated in Louisiana with its principal place of business in Louisiana.

5. Elk Valley Home Health Care Agency, LLC ("Elk Valley") d/b/a Deaconess HomeCare is a home health company incorporated in Tennessee.

6. Elk Valley Professional Affiliates, Inc., ("Elk Valley Affiliates") d/b/a Deaconess HomeCare is a home health company incorporated in Tennessee.

7. Cedar Creek Home Care Agency, LLC ("Cedar Creek") d/b/a Deaconess HomeCare 1 and/ or Elk Valley Home Health Care is a home health company incorporated in Tennessee.

8. LHC, Elk Valley, Elk Valley Affiliates, and Cedar Creek all share a principle address at 420 West Pinhook Road, Lafayette, Louisiana 70503-2131.

9. Elk Valley, Elk Valley Affiliates, and Cedar Creek operate as "Deaconess HomeCare."

10. BioScrip, Inc. is a healthcare company with its principle place of business in Elmsford, New York. In 2014 it sold the above mentioned Deaconess HomeCare agencies to LHC Group, Inc. Some of the relevant events covered by this complaint occurred prior to this transaction.

11. Defendants employ individuals who are engaged in interstate commerce and/or in the production of goods for interstate commerce or are engaged in handling, receiving, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce. As such, Defendants are covered by the FLSA.

## FACTS

12. During the three-year time period relevant to this lawsuit, Defendants have employed hundreds of individuals who provide, in whole or in-part, non-companionship medical or health services to patients. These individuals hold job titles such as, *inter alia*, Registered Nurse ("RN"), Licensed Practical Nurse ("LPN"), Certified Nurse Assistant ("CNA"), Physical Therapist, Occupational Therapist, etc. and are referred to herein as "Providers."

13. Defendants employed Plaintiff as a Provider from approximately July 2013 to November 2013 as a full time employee before switching to part-time status around November 2013 to March 2014. Plaintiff left the company for a short period of time before getting re-hired as a Provider from approximately May 2014 to June 2015. During this time period Plaintiff was considered a part-time registered nurse (PRN) but was often working full-time hours.

14. Defendants paid Plaintiff and other Providers a fee for each patient visit according to a fee schedule.

15. Defendants also paid Plaintiff and other Providers on an hourly basis for time spent attending in-service training, regular meetings, and other work.

16. For example, as set forth below in the excerpt from one of Plaintiff's paystubs, for the pay period ending on October 5, 2013, Plaintiff conducted 69 patient visits and earned a fee of $32.00 per visit (highlighted in yellow). During this same pay period, Plaintiff was paid $32.00 per hour for 7.60 hours of other work (highlighted in pink).

| Earnings | rate | hours | this period | year to date | Other | this period | year to date |
|---|---|---|---|---|---|---|---|
| Regular | 32.0000 | 7.60 | 182.40 | 446.40 | Mileage Reimb | | -1,829.22 |
| Benefits Alloc | | | 260.00 | 780.00 | Adjustment | | |
| Cell Phone | | | 15.00 | 75.00 | Mileage Reimb | +481.38 | |
| On Call | | | 138.00 | 276.00 | Net Pay | $0.00 | |
| Pt Visit | 32.0000 | 69.00 | 2,475.00 | 7,575.00 | | | |
| Shift 2 | | | 17.00 | 33.00 | * Excluded from federal taxable wages | | |
| Holiday | | | | 192.00 | | | |
| Orientation | | | | 3,059.19 | Your federal taxable wages this period are $2,253.04 | | |
| | Gross Pay | | $3,087.40 | 12,628.59 | | | |

3

Despite making 69 patient visits and being paid for 7.6 hours of **recorded** other work in one pay period, Plaintiff received no overtime premium. She did, however, receive an apparent $481.38 in mileage reimbursement indicating she drove hundreds of miles during this pay period. (highlighted in blue).

17. Plaintiff and other Providers frequently spent over 40 hours per week performing activities that are integral and directly related to the services Defendants provides to patients. These activities include, *inter alia*: attending to the patients during home visits; charting patient visits and completing other mandatory paperwork; making phone calls to doctors and patients; driving between patient homes, the office, and the laboratory during the workday; attending mandatory meetings and training sessions, and performing various office duties. In total these activities routinely took well over 40 hours per week and some times much more depending on the number of visits assigned and other factors.

18. Importantly, much of this time is not recorded per company policy. Thus, in the example in paragraph 16 above, Plaintiff worked numerous hours working related to those 69 visits that were simply not reflected in her paystub.

19. Defendants, as a matter of company policy, do not pay Plaintiff or other Providers any overtime premium compensation for hours worked over 40 per week.

20. In failing to pay overtime premium compensation to Plaintiff and other Providers, Defendants knowingly acted with reckless disregard of the FLSA.

21. Defendants have willfully violated the FLSA and were even told in 2008 by a Department of Labor investigator that its fee per visit pay system ran afoul of the overtime laws.

22. Specifically, in the investigation notes obtained by Plaintiff via the Freedom of Information Act, the Department of Labor investigator stated:

4

> In the final conference the manager at the establishment stated that this would not be so much of a problem since the company had gone to a fee per visit method of payment. The investigator provided opinions letters and information to indicate this fee basis would not constitute compliance. The manager stated she would forward the information to the corporate office.

23. Defendants did not change their pay practices and continued to pay these home health workers both hourly and by the visit without paying overtime premiums for work over 40 hours in a week.

## **COLLECTIVE ACTION ALLEGATIONS**

24. Plaintiff brings this action, pursuant to 29 U.S.C. § 216(b), on behalf of the all Providers, as defined in paragraph 12, employed by Defendants during any time after February 15, 2013.

25. The proposed collective is "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law because, *inter alia*, Defendants have implemented a common policy of failing to pay overtime premium compensation when providers work over 40 hours per week.

## **COUNT I**

26. All previous paragraphs are incorporated as though fully set forth herein.

27. Plaintiff and other Providers are employees entitled to the FLSA's protections.

28. Defendants are employers subject to the requirements of the FLSA.

29. The FLSA requires that covered employees receive overtime compensation of "not less than one and one-half times" their regular rate of pay for hours worked over 40 per week. *See* 29 U.S.C. § 207(a).

30. Defendants violated the FLSA by failing to pay Plaintiff and other Providers overtime premium compensation for hours worked over 40 per week.

31. Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief on behalf of herself and all others similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Prompt notice of this litigation, pursuant to 29 U.S.C. § 216(b) to all potential opt-in plaintiffs;

C. A declaration that Defendants has violated the FLSA;

D. A declaration that Defendants' violations of the FLSA are and were willful;

E. A judgment against Defendants and in favor of Plaintiff and those she seeks to represent, for compensation for all unpaid and underpaid wages that Defendants has failed and refused to pay in violation of the FLSA;

F. Prejudgment interest to the fullest extent permitted under the law;

G. Liquidated damages to the fullest extent permitted under the FLSA;

H. Litigation costs, expenses, and Plaintiff's attorneys' fees to the fullest extent permitted under the FLSA and Federal Rule of Civil Procedure 54(d); and

I. Such other and further relief as this Court deems just and proper.

Date: February 15, 2016            Respectfully submitted,

/s/ Jerry E. Martin
**JERRY E. MARTIN (No. 20193)**

6

Case 2:16-cv-00014   Document 1   Filed 02/15/16   Page 6 of 7 PageID #: 6

**DAVID W. GARRISON** (No. 24968)
**SCOTT P. TIFT** (No. 27592)
**SETH M. HYATT** (No. 31171)
**JOSHUA A. FRANK** (No. 33294)
BARRETT JOHNSTON MARTIN & GARRISON LLC
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
jmartin@barrettjohnston.com
dgarrison@barrettjohnston.com
stift@barrettjohnston.com
shyatt@barrettjohnston.com
jfrank@barrettjohnston.com

**PETER WINEBRAKE***
**R. ANDREW SANTILLO***
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
Telephone: (215) 884-2491
Facsimile: (215) 884-2492
pwinebrake@winebrakelaw.com
asantillo@winebrakelaw.com

* *Pro Hac Vice* Motion Anticipated

*Attorneys for Plaintiff*